IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

FRANK C JOHNSON, JR et al.,

    Plaintiff,

v.                                                                                                  CASE NO. 1:11-cv-99-SPM-GRJ

MARY GRACE CURTIN, et al.,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' *pro se* motion for leave to file complaint (Doc. 1), second amended complaint (Doc. 13) and motion for leave to proceed as a pauper (Doc. 14).  Also pending are Plaintiff's Motion for Leave to File in the Eighth Judicial Circuit for hearing (Doc. 15); Motion for Leave to File Responses to Clerk Letter (Doc. 16); Motion for Leave to Motion for Court to Take Judicial Notice (Doc. 17); Motion for Leave to File (Doc. 18); and Motion for Leave to File (Doc. 19).

For the reasons discussed below, it is respectfully **RECOMMENDED** that the Motion to Proceed *In Forma Pauperis* (Doc. 14) should be **DENIED**, this case should be **DISMISSED**, and all other pending motions be **DENIED** as moot.

### I.  BACKGROUND

Mr. Johnson has previously been designated as an abusive filer in this Court for his repeated filing of frivolous claims followed by numerous meritless motions in each case.  In a case that involved allegations virtually identical to those claimed in the instant case, the Court revoked Mr. Johnson's IFP privilege and directed the court to

refuse any case opening filings from Plaintiffs without full payment of the filing fee in advance.  *Johnson v. Irby*, Case No. 1:09-cv-00003-MP-AK (N.D. Fla. July 8, 2009), *affirmed* No. 09-13544, 2010 WL 4721625 (11th Cir. Nov. 23, 2010); see also *Johnson v. Wilbur*, Case No. 1:08-cv-38-MP-AK (N.D. Fla. Dec. 9, 2008), *affirmed* 375 Appx. 960 (11th Cir. April 22, 2010) (designating Mr. Johnson as an abusive filer and directing him to file a 3-page or less motion for leave to file a complaint which must be granted before any filings are accepted).  These directives were issued in an effort to curb Mr. Johnson's continued abuse of this Court's scarce judicial resources with frequent filings that are unintelligible and meritless.  It should also be noted that in Case No. 1:09-cv-38-MP-AK, Judge Paul sanctioned Mr. Johnson $350.00 and ordered that "no further filings of any kind" be accepted until the sanction is paid.  (Doc. 29, December 9, 2008.)  From a review of the docket, it appears that Mr. Johnson has failed to pay the $350 in sanctions.

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiffs initiated the action by filing a 14-page motion for leave to file a complaint (Doc. 1.)  Plaintiffs have not paid the filing fee but have moved for leave to proceed *in forma pauperis*.  (Docs. 2, 14.)  Plaintiffs, by way of 17-page, mostly illegible second amended complaint, have sued Clerk of the Alachua Circuit Court J.K. Buddy Irby, Deputy Clerks Mary Grace Curtin and Nancy Mosely, and Clerk's office attorney Jean Specbeck in their individual and official capacities.  (Doc. 13.)  Plaintiffs contend that Irby, Curtin, and Mosely conspired to deprive them of their civil rights by allegedly not listing the parties correctly in one or more of Plaintiffs' state court appeals.  Plaintiffs contend that Specbeck violated their civil rights by refusing to accept filings in state

court cases. Plaintiffs allege state claims of fraudulent misrepresentation against each defendant and seek relief under 42 U.S.C. § 1981; 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1986; section 21 of the Florida Constitution; and the Fourteenth Amendment. Plaintiffs seek damages and costs.

### III.  DISCUSSION

**A.  Failure to pay sanctions and failure to pay the filing fee in advance**

Plaintiffs have failed to pay the full filing fee in advance, as previously ordered by this Court when it revoked Mr. Johnson's IFP privilege. In Case. No. 1:09-cv-00003-MP-AK, Senior District Judge Paul expressly ordered that "The Clerk is directed to refuse any case opening filings from Mr. Johnson or the Johnsons together without full payments of the filing fee in advance." (Doc. 45, July 8, 2009). However, this procedure was not followed and instead the case was opened and the Court, once again, must expend valuable and scarce judicial resources reviewing Plaintiff's frivolous complaint. In addition, a review of the docket indicates that on December 9, 2008, Judge Paul sanctioned Mr. Johnson in the amount of $350.00 for disregarding previous orders of the Court and prohibited further filings until the sanction was paid. It does not appear that Mr. Johnson ever paid the $350.00 sanction. *Johnson v. Wilbur,* Case No. 1:08-cv-00038-MP-AK (N.D. Fla. December 9, 2008). In accord with this Court's prior orders, the instant motion for leave to proceed as a pauper (Doc. 14) should be denied and the case dismissed.

**B.  Failure to state a claim**

In addition to the fact that this case is due to be dismissed for failure to pay sanctions issued in Case No. 1:08-cv-00038-MP-AK and for failure to pay the full filing

fee in advance as required by Judge Paul's previous directive, the case is also due to be dismissed because it is frivolous and fails to state a claim upon which relief may be granted.

A claim is frivolous if it is based on an indisputably meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 317 (1989) (applying section 1915). This circuit has defined a frivolous appeal under section 1915 as being one 'without arguable merit. " *Harris v. Menendez,* 817 F.2d 737, 739 (11th Cir.1987) (quoting *Watson v. Ault*, 525 F.2d 886 892 (5th Cir.1976)). 'Arguable means capable of being convincingly argued. "*Moreland v. Wharton,* 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (*quoting Menendez*, 817 F.2d at 740 n. 5); *see Clark v. State of Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are slight).

A court may *sua sponte* dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The complaint's [f]actual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "The Supreme Court's most recent formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Watts v. Florida International University,* 495 F.3d 1289, 1295 (11th Cir. 2007). This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the required element. *Twombly*, 550 U.S. at 570. In reviewing the dismissal of a complaint under the 28 U.S.C. 1915A(b)(1), this court accepts allegations in the complaint as true, and pro se pleadings are liberally

construed. Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004).

The claims presented in the instant action are virtually identical to those raised in *Johnson v. Irby*, Case No. 1:09-cv-00003-MP-AK (N.D. Fla. July 8, 2009), *affirmed* No. 09-13544, 2010 WL 4721625 (11th Cir. Nov. 23, 2010).  In that case, Plaintiffs sued Clerk of Alachua Circuit Court Mr. Irby for allegedly conspiring to deprive them of their civil rights by allegedly not listing the parties correctly when they processed an appeal in a lawsuit filed in state court.  The federal civil rights suit was dismissed with prejudice and affirmed by the Eleventh Circuit.  In the instant suit, Plaintiffs appear to be re-asserting some claims that previously have been dismissed, and thus the doctrine of *res judicata* would bar this court from proceeding on claims that arise out of the same facts.  *See, e.g., Jang v. United Technologies, Corp.*, 206 F.3d 1147, 1149 (11th Cir. 2000); *Harmon v. Webster*, 263 Fed. Appx. 844, 845-46 (11th Cir. 2008)(*per curiam*) (prior dismissal of a complaint for failure to state a claim satisfies the elements of res judicata and bars further lawsuits based on the same operative facts).

The statute of limitations also appears to bar Plaintiff's claims against the clerks of court regarding case styles.  In Florida, "a plaintiff must commence a § 1983 claim. . .within four years of the allegedly unconstitutional or otherwise illegal act." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing *Baker v. Gulf & Western Indus., Inc.,* 850 F. 2d 1480, 1483 (11th Cir. 1988).  Although Plaintiffs' complaint is extremely difficult to decipher, it appears that the conduct of Mr. Irby, Ms. Curtin, and Ms. Mosely regarding alleged errors in the case styles occurred in 2005.  Therefore, the four-year the limitations period expired well before Plaintiffs initiated this suit on May 27, 2011.  (Doc. 1.)

The Defendants named in the instant cause of action also appear to be immune from suit under § § 1981 and 1983. Plaintiff sues defendants for damages in both their individual and official capacities. However, the Eleventh Amendment bars suits against state employees for monetary relief in their official capacity. *Kentucky v. Graham,* 473 U.S. 159, 169 (1085); *Hobbs v. E.E. Roberts,* 999 F. 2d 1526, 1529-30. "Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson,* 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Plaintiffs have failed to adequately identify the constitutional right Defendants are alleged to have violated, and thus Defendants would be entitled to qualified immunity as well.

Plaintiff's claims against Defendants under § § 1985 and 1986 fail because Plaintiffs have failed to allege facts that would support an inference that Defendants conspired with someone or failed to stop others from conspiring against Plaintiffs. *Twombly,* 550 U.S. at 570. Likewise, Plaintiffs' claims against Ms. Specbeck are deficient and it does not appear that a more carefully drafted complaint (which would not be permitted without payment in advance of the filing fee and sanctions) would state a claim for relief.

Plaintiffs' claims against Ms. Specbeck, attorney for the Clerk of Court for Alachua, County, appear to involve the clerk's office's apparent refusal to accept filings from Mr. Johnson. Plaintiffs note several times that Ms. Specbeck was "not acting under color of state law" but allege that she conspired with others who were acting

under state law. Plaintiffs' allegations against Ms. Specbeck are conclusory and largely indecipherable, but Plaintiffs appear to contend that she interfered with their right to represent themselves like "any other white citizen." Plaintiffs do not allege any details regarding this claim, which appears to be unrelated to the other claims presented in the complaint and are therefore improperly presented in the same suit.

It also appears from Plaintiffs' filings that the state court entered orders on September 24, 2008, March 8, 2011, July 21, 2011 directing the Clerk's Office to refuse various documents from Mr. Johnson. (Doc. 16, p. 9.) Moreover, while the Court is obligated to show some leniency to *pro se* litigants, this "does not give a court license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. County of Escambia, Florida,* 132 F.3d 1359, 1369 (11th Cir. 1998). The Court is not responsible for deciphering Plaintiffs' rambling accusations or for curing their failure to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

Accordingly, Plaintiffs' second amended complaint (Doc. 13), fails to state a claim and should be dismissed.

### IV. RECOMMENDATION

For these reasons, it is respectfully **RECOMMENDED** that:

1. The Motion to Proceed *In Forma Pauperis* (Doc. 14) should be **DENIED.**

2. This cause should be **DISMISSED**.

3. Plaintiff's Motion for Leave to File in the Eighth Judicial Circuit for hearing

(Doc. 15); Motion for Leave to File Responses to Clerk Letter (Doc. 16); Motion for Leave to Motion for Court to Take Judicial Notice (Doc. 17); Motion for Leave to File (Doc. 18); and Motion for Leave to File (Doc. 19) should be **DENIED** as moot.

    4.  The **Clerk** should again be directed to refuse any case opening filings from Plaintiffs without full payment of the filing fee in advance.

    At Gainesville, Florida, this 1st day of December 2011.

    *s/ Gary R. Jones*
    GARY R. JONES
    United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**